Arkansas Code Annotated section 5-64-440 (Repl. 2016) provides in pertinent part that a person commits the offense of trafficking a controlled substance if
he or she possesses, possesses with the purpose to deliver, delivers, or manufactures a controlled substance by aggregate weight, including an adulterant or diluent, in the following amounts: ... cocaine, two hundred grams (200g) or more.
Introduction of the actual controlled substance is not essential if a qualified person has analyzed it and found it to be the substance on which the charge was based. Parker v. State , 265 Ark. 315, 578 S.W.2d 206 (1979). That is what happened here. The chain of custody was explained, and there is no argument to challenge it. Then, Dan Hedges, the forensic chemist, testified about the tests he conducted and the results he obtained. Those results showed that each of the four kilos of suspected cocaine turned out to be powder cocaine, along with a cutting agent. In addition to his testimony, the State introduced Hedges's lab report. The State satisfied its burden of proving that the substance upon which Alvarez was charged was indeed powder cocaine.
For her remaining point, Alvarez acknowledges the State is not required to prove literal physical possession, but she contends that to prove constructive possession, the State was required to establish that she exercised care, control, and management over the contraband. She is correct. Block v. State , 2015 Ark. App. 83, 455 S.W.3d 336. She is also correct that there must be some evidence she had knowledge of the presence of the contraband. Id. The State produced evidence of Alvarez's care, control, management, and knowledge of the contraband with the audio-videos from the police stop and her interview statement, along with Officer Begoon's testimony explaining who was saying what in the police-car video. The jury thus had evidence before it of Alvarez admitting that the kilos of cocaine were found in a suitcase belonging to her, that she was aware of it, and that the other passenger knew nothing about it. The fact she told a completely different story when she testified at trial merely made the issue one of credibility, and the jury clearly credited her statement in the video over her trial testimony.
Affirmed.
Gladwin and Hixson, JJ., agree.